# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SCOTT PROUTY,**
   Petitioner,

  v.              Case No. 11-C-645

**PAMELA WALLACE, Warden**
**Chippewa Valley Correctional Treatment Facility,**
   Respondent.

## DECISION AND ORDER

Scott Prouty has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Wisconsin conviction. In this order, I address the claims raised in the petition and dispose of Prouty's "motion to stay sentence" and his motion for leave to proceed in forma pauperis.

### I. BACKGROUND

On December 24, 2005, Prouty was driving in Waukesha County, Wisconsin, when his vehicle crossed the center line and ran head-on into another vehicle. The other vehicle contained four people, and they all suffered serious injuries. Prouty himself was pinned in his vehicle with chest and leg injuries. When a Waukesha County sheriff's deputy arrived on the scene, he noted that Prouty had slurred speech and bloodshot eyes. Prouty said that he had drank light beer and consumed more than he could remember. After Prouty was arrested and transferred to a hospital, a blood-alcohol test revealed that his blood-alcohol level was 0.097 percent.

Prouty was charged with various crimes. Eventually, he pleaded guilty to three felony counts of causing injury by intoxicated use of a vehicle and one misdemeanor count of causing injury while intoxicated. The trial court sentenced him to terms totaling six years of incarceration and ten years of extended supervision on two of the felony charges. It withheld sentence on the remaining counts and ordered six years of probation. It also ordered restitution in the amount of $75,212.27.

Prouty decided to appeal pro se. He began his direct appeal by filing motions for post-conviction relief in the trial court, which in Wisconsin is the first step in the appellate process. After the trial court denied the motions, he appealed to the Wisconsin Court of Appeals, which affirmed. Prouty unsuccessfully sought review in the Wisconsin Supreme Court and then filed the present habeas petition.

## II. DISCUSSION

Prouty raises four grounds for habeas relief: (1) in obtaining a self-incriminatory statement, the police used coercion and violated Miranda v. Arizona, 384 U.S. 436 (1996); (2) his guilty plea was invalid because the trial court mentioned the wrong statute number during the plea colloquy; (3) his due-process rights were violated because the trial court did not offset the restitution award by an amount he paid to settle a civil case filed by a victim; and (4) ineffective assistance of trial counsel.

### A. Admission of Prouty's Statements

Prouty argues that the sheriff's deputy used coercion and violated Miranda when he obtained incriminatory statements from him while he was still pinned in his car. The Wisconsin Court of Appeals did not address this claim on the merits. Instead, it found that

2

Prouty had failed to preserve it for appeal. See State v. Prouty, 2010 WL 3565174, at *3 (Wis. Ct. App. Sept. 15, 2010). Although the Court of Appeals did not spell out with perfect clarity its reason for concluding that Prouty had failed to preserve this claim, its reasoning is apparent. Under Wisconsin law, a voluntary guilty plea generally waives all nonjurisdictional defects and defenses, including claims of constitutional violations occurring prior to the plea. See, e.g., State v. Riekkoff, 112 Wis. 2d 119, 123 (1983). However, there is a statutory exception to this rule that provides that an order denying a motion to suppress evidence or a motion challenging the admissibility of a statement is appealable even if the defendant pleads guilty. See Wis. Stat. § 971.31(10). The only issue that Prouty raised in any motion to suppress was that the police lacked probable cause to arrest him. He did not mention Miranda or allege that his statements were coerced. Thus, under Wisconsin law, when Prouty pleaded guilty, he waived his Miranda and coercion issues. This was why the Wisconsin Court of Appeals found that Prouty did not preserve his Miranda and coercion issues for appeal. See Prouty, 2010 WL 3565174, at *3 (citing Riekkoff and Wis. Stat. § 971.31(10)).

When a state court resolves a federal claim by relying on a state-law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed. See, e.g., Kaczmarek v. Rednour, 627 F.3d 586, 591 (7th Cir. 2010). A state-law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. Id. at 592. A state-law ground is adequate when it is a firmly established and regularly followed state practice at the time it is applied. Id. When the state law ground involves a procedural rule,

3

courts commonly say that the habeas petitioner has "procedurally defaulted" his federal claim. See id. at 591.

In the present case, the Wisconsin Court of Appeals resolved Prouty's Miranda and coercion issues on the basis of an independent and adequate state ground—the guilty-plea-waiver rule. As noted, although the court did not explain its reasoning with perfect clarity, it is apparent that the court actually relied on that rule as an independent basis for its disposition of those issues. Moreover, the guilty-plea-waiver rule was firmly established and regularly followed by the Wisconsin courts at the time the Wisconsin Court of Appeals applied it. The rule was adopted in Wisconsin at least as early as 1965, see Riekkoff, 112 Wis. 2d at 122–23 (observing that rule in its modern form has its genesis in Hawkins v. State, 26 Wis. 2d 443 (1965)), and there is no indication that the Wisconsin courts have not regularly followed this rule or that it has been applied in an unprincipled, inconsistent or freakish manner. See Johnson v. Thurmer, 624 F.3d 786, 789–90 (7th Cir. 2010) (noting that rule applied in unprincipled, inconsistent or freakish manner is not "adequate"). Therefore, Prouty has procedurally defaulted his Miranda and coercion issues.

A habeas petitioner who has procedurally defaulted a claim may still obtain federal review of that claim if he can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice. See, e.g., Kaczmarek, 627 F.3d at 591. In the present case, Prouty asserts that he has cause for the default because his trial counsel's failure to raise the Miranda and coercion issues in a suppression motion constituted ineffective assistance of counsel. Although ineffective assistance of counsel is cause for a procedural default, a claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may

be used to establish cause. Murray v. Carrier, 477 U.S. 478, 488–89 (1986). Moreover, an ineffective-assistance-of-counsel claim asserted as cause for a procedural default of another claim can itself be defaulted. Edwards v. Carpenter, 529 U.S. 446, 450-54 (2000). As discussed in Part II.D of this opinion, Prouty did not raise any ineffective-assistance-of-counsel claims in either the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Accordingly, Prouty cannot rely on ineffective assistance of trial counsel as cause for his default of the Miranda and coercion issues.

Prouty also argues that the "novelty" of his Miranda and coercion issues provides cause for his procedural default. This argument stems from Reed v. Ross, 468 U.S. 1 (1984), in which the Supreme Court held that when new federal legal principles are recognized between the time the of the petitioner's direct appeal in state court and the time of his federal habeas petition, the petitioner has cause for not raising a claim based on those principles in state court. However, the arguments that Prouty makes now are based on legal principles that were well-established at the time of his suppression motion; they are not "novel" within the meaning of Reed v. Ross. Thus, novelty does not supply cause for his default.

Prouty does not explicitly argue that his procedural default should be set aside to avoid a fundamental miscarriage of justice, but for the sake of completeness I note that enforcing the default will not result in such a miscarriage because there is simply no new evidence making it more likely than not that Prouty is actually innocent of the crimes he pleaded guilty to. See House v. Bell, 547 U.S. 518, 537 (2006) (stating that to show actual innocence, a petitioner must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'").

5

**B.      Withdrawal of Guilty Plea**

In his second ground for habeas relief, Prouty argues that the state court should have allowed him to withdraw his guilty plea because, during the plea colloquy, the trial judge cited the wrong statute number for the crime of causing great bodily harm by intoxicated use of a vehicle. The crime with which Prouty had been charged appears in Wis. Stat. § 940.25(1)(a), but the trial judge cited Wis. Stat. § 940.225(1)(a), which is the statute number for causing pregnancy or great bodily harm during a sexual assault.

Prouty is not entitled to habeas relief on this issue. First, Prouty did not raise this issue in either the Wisconsin Court of Appeals or the Wisconsin Supreme Court, and therefore he has procedurally defaulted it. See Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."). Second, even if the claim had not been defaulted, it would fail on the merits because the court's citation to the wrong statute number did not deprive Prouty of any federal right. The only federal right that is even remotely implicated by the judge's error is the right to be informed of the elements of the offense before pleading guilty. See Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). However, during the same part of the colloquy in which the judge cited the wrong statute number, the judge accurately recited the elements of causing great bodily harm by intoxicated use of a vehicle. Thus, the judge's citation to the wrong statute number did not deprive Prouty of his right to be informed of the elements of the offense.

**C.      Restitution**

Prouty next argues that he was deprived of due process because the trial court failed to offset its restitution award of $75,212.27 with a $100,000 civil settlement that Prouty had already paid to one of the victims. However, because this claim challenges only the restitution award and could not result in Prouty being released from custody at an earlier time, it is not cognizable in a federal habeas petition. See Washington v. Smith, 564 F.3d 1350, 1350–51 (7th Cir. 2009).

**D.    Ineffective Assistance of Trial Counsel**

Lastly, Prouty argues that he is entitled to habeas relief because his trial counsel was ineffective. However, although Prouty raised ineffective assistance of trial counsel as an issue in his post-conviction motion in the trial court, he did not pursue this issue in either the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Therefore, he has procedurally defaulted it. Lewis, 390 F.3d at 1026. Prouty cannot show cause and prejudice for this default, and for the reasons explained in Part II.A, enforcing the default will not result in a fundamental miscarriage of justice.

**E.    Motion to Stay Sentence**

Prouty filed a motion to stay his sentence pending resolution of this habeas action. However, I am aware of no authority indicating that I have the power to stay a state-court sentence pending the resolution of a habeas petition challenging that sentence. Prouty cites Federal Rule of Criminal Procedure 38, but that rule only applies when the underlying sentence was imposed by a federal court. Therefore, this motion will be denied.

**F.    Motion to Proceed In Forma Pauperis**

On March 22, 2012, long after he filed this case and paid the $5.00 filing fee in full, Prouty filed a motion to proceed in forma pauperis. Since Prouty has already paid the filing fee, this motion will be denied as moot.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner's motion to stay sentence is **DENIED**.

**FINALLY, IT IS ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 29th day of June 2012.

s/ Lynn Adelman
LYNN ADELMAN
District Judge